# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID SALAZAR,<br>Plaintiff,<br>v.<br>CAMPBELL, *et al.*,<br>Defendants. | Case No. 1:26-cv-00819-BAM (PC)<br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM<br>(ECF No. 7) |

Plaintiff John David Salazar ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 18, 2026, the Court screened Plaintiff's complaint and directed him to file either a first amended complaint or a notice that he was willing to proceed only on his claim against Defendants Gonzalez and Campbell for unconstitutional conditions of confinement in violation of the Eighth Amendment. (ECF No. 6.) Plaintiff's first amended complaint, filed on July 13, 2026, is currently before the Court for screening. (ECF No. 7.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at Centinela State Prison in Imperial, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Corcoran State Prison. Plaintiff names the following defendants: (1) Warden Pammy Cambell (also spelled "Campbell"); and (2) Correctional Officer J. Gonzalez.

In Claim 1, Plaintiff asserts a violation of the Eighth Amendment for unconstitutional conditions of confinement. Plaintiff alleges: From January 5, 2024 to March 7, 2024, Defendant Cambell subjected Plaintiff to a continuous 62-day deprivation of safe sanitation and safe food preparation areas. The Corcoran State Prison kitchen was structurally compromised and legally condemned, including missing plumbing, raw backed-up sewage, structural roof failure, and toxic mold and mildew actively falling into areas designated for food service. Defendant Cambell had actual subjective knowledge of these hazardous, unlawful conditions. The facility was structurally condemned under her administration, and she regularly conducted physical walk throughs, placing her in direct proximity to the falling mold, missing infrastructure, and sewage backups. Despite possessing subjective awareness of the profound health and safety risks these conditions posed, Defendant Cambell failed to take reasonable, timely measures to abate the

hazards. Her prolonged failure to remedy known, severe structural failures constitutes deliberate indifference to Plaintiff's constitutional rights, exposing him to severe health risks and physical suffering until an official state of emergency was declared and the facility evacuated.

In Claim 2, Plaintiff asserts a violation of the Eighth Amendment. Plaintiff alleges: During the same time frame, January 5 to March 7, 2024, the specific floor supervisor on duty, J. Gonzalez, had direct, daily oversight of the food area. The correctional official had immediate personal awareness of the severe structural issues, including the plumbing backups, ceiling decay, and mold issues. When confronted regarding the hazardous issues, Defendant J. Gonzalez abdicated his constitutional duty to maintain a safe environment. Defendant stated that he could do nothing about the conditions and that it was entirely up to the inmate population to fix, and that Plaintiff had to file the proper paperwork. By refusing to take basic corrective action and attempting to shift the institutional burden of managing structural biohazards onto the inmate population to fix, along with filing proper paperwork, Defendant acted with deliberate indifference to a known risk of Plaintiff's health and safety. His reckless disregard forced Plaintiff to labor in a hazardous state until emergency evacuation.

As relief, Plaintiff sees compensatory damages for physical injuries, severe health hazards, and physical suffering endured during the 62-day exposure to toxic mold and raw sewage. Plaintiff also seeks punitive damages.

**III. Discussion**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corr. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson*, 217 F.3d at 731. Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-733; *see*, *e.g.*, *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson*, 45 F.3d at 1314 ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Liberally construing the allegations in the amended complaint, Plaintiff states a cognizable claim against Defendants Cambell and J. Gonzalez for unconstitutional conditions of confinement in violation of the Eighth Amendment.

## IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendants Gonzalez and Cambell for unconstitutional conditions of confinement in violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed on July13, 2026, against Defendants Gonzalez and Cambell for unconstitutional conditions of

confinement in violation of the Eighth Amendment; and

2. A separate order will issue regarding service of the amended complaint.

IT IS SO ORDERED.

Dated: **July 16, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE